UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:06-CV-397 |
| GRANITE RIDGE BUILDERS, INC., ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Stay Discovery filed on April 17, 2007, by Defendants Granite Ridge Builders, Inc.; Granite Ridge Builders, Inc. by Tony Reincke; HG Development, LLC; Granite Ridge Builders, Inc. of Indianapolis; Granite Ridge Group, Inc. by Tony Reincke, d/b/a Granite Ridge Realty; Tony Reincke, individually; and Anthony Reincke, individually (collectively "Granite Ridge"). (Docket # 20.) Defendant Design Basics joined in the Motion to Stay on April 20, 2007. (Docket # 21.) On May 2, 2007, Plaintiff Harleysville Lake States Insurance Company ("Lake States") responded to the Motion (Docket # 25), and on May 21, 2007, Granite Ridge replied. (Docket # 33.)

For the following reasons, the Motion to Stay Discovery will be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this action, Lake States seeks a declaratory judgment that the insurance policy it issued to Granite Ridge does not cover the defense of the lawsuit that Design Basics filed against Granite Ridge in cause number 1:06-cv-72 in this Court. (Compl. ¶ 27.) In that cause, Design Basics, who publishes and licenses architectural house designs, is suing Granite Ridge for

copyright infringement, alleging that Granite Ridge "copied and created derivatives of many of [Design Basics's] home designs, advertised them on their Internet web sites, and/or had constructed and sold houses that used [Design Basics's] plans" without its authorization. Pl.'s Second Am. Compl. at ¶¶ 7, 12, *Design Basics, Inc. v. Granite Ridge Builders, Inc. by Tony Reincke*, No. 1:06-cv-72 (N.D. Ind. Mar. 10, 2006). Lake States maintains that Granite Ridge's alleged copyright infringement was "willful"; therefore, it is not obligated to defend Granite Ridge against Design Basics's suit because the insurance policy "does not cover a knowing violation of the rights of another." (Compl. ¶¶ 14, 24.)

After Lake States filed its Complaint for Declaratory Judgment, it served interrogatories, requests for production of documents, and requests for admissions on Granite Ridge and Design Basics. (Mot. to Stay Discovery ("Mot. to Stay") Exs. 1-3; Def. Design Basics' Mot. to Stay Disc. Exs. A-C.) Subsequently, Granite Ridge filed a motion to stay discovery "as to those issues logically related to the underlying copyright infringement lawsuit." (Reply in Supp. of Mot. to Stay Disc. ("Reply") 6.) It argues that Lake States "is attempting to elicit information relating to the underlying litigation, that is, whether Granite Ridge willfully violated any copyright of Design Basics" and that "if [Lake States] is allowed to continue with discovery as to the issues that should be resolved in the underlying litigation, Granite Ridge will suffer prejudice." (Mot. to Stay 2, 7.)

Lake States counters that the issues in the underlying case and the instant action are not "identical," that Granite Ridge will not be prejudiced if discovery moves forward, and that staying discovery "will hinder [its] ability to negotiate in good faith at the settlement conference." (Pl. Harleysville Lake States Ins. Co.'s Resp. in Opp'n to Defs.' Mots. to Stay Disc.

2

("Resp.") 3-4.)

### III.  DISCUSSION

In support of its Motion, Granite Ridge cites a number of cases in which courts have stayed proceedings in an insurer's declaratory judgment action pending the outcome of the underlying litigation against the insured. *See Wells Dairy, Inc. v. Travelers Indem. Co.*, 241 F. Supp. 2d 945 (N.D. Iowa 2003); *Montrose Chem. Corp. v. Superior Court of Los Angeles County*, 861 P.2d 1153 (Cal. 1993) (*Montrose I*); *Haskel, Inc. v. Superior Court of Los Angeles County*, 39 Cal. Rptr. 2d 520 (Cal. Ct. App. 1995); *Montrose Chem. Corp. v. Superior Court of Los Angeles County*, 31 Cal. Rptr. 2d 38 (Cal. Ct. App. 1994) (*Montrose II*). In those cases, the critical inquiry was "whether the coverage questions are logically unrelated (that is, irrelevant) to the issues of consequence in the [underlying action] so that they could be determined in the declaratory relief action without prejudice to [the insured] in the underlying action." *Montrose II*, 31 Cal. Rptr. 2d at 42; *see also Wells Dairy*, 241 F. Supp. 2d at 976; *Montrose I*, 861 P.2d at 1162 ("[W]hen the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment."); *Haskel*, 39 Cal. Rptr. 2d at 529-30 (issuing an order "staying all discovery in the [declaratory] action pending a factual determination by the trial court as to whether any pending discovery by the insurers is so logically related to the issues in the underlying action that further pursuit of that discovery would prejudice [the insured's] interest in that action").

When the declaratory judgment action "necessarily turns upon the facts to be litigated in the underlying action," the insured is prejudiced in three fashions:

> *First*, the insurer, who is supposed to be on the side of the insured . . . effectively attacks its insured and thus gives aid and comfort to the claimant in the

>underlying suit; *second,* such a circumstance requires the insured to fight a two-front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions–this effectively undercuts one of the primary reasons for purchasing liability insurance; and *third*, there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results in the former.[1]

*Haskel*, 39 Cal. Rptr. 2d at 529 (citing *Montrose II*, 31 Cal. Rptr. 2d at 43) (footnote omitted).

Echoing these concerns, the Seventh Circuit Court of Appeals noted in dictum that allowing an insurer to engage in pretrial discovery in a declaratory action would put the insured "in the awkward position of having to retain counsel to defend himself . . . against the very insurer to whom he is looking to pick up the tab for his defense [in the underlying litigation]. *Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1002 (7th Cir. 1996). Moreover, "[i]nstead of litigating one suit at [the insurer's] expense [the insured] would be litigating two suits at his own expense." *Id.* Finally, "discovery might well undermine possible defenses" by the insured in the underlying litigation. *Id.*

Here, the information that Lake States seeks in discovery is so "logically related" to the issues in the underlying copyright infringement lawsuit that requiring Granite Ridge to answer the discovery requests would prejudice it. For example, Lake States requests that Granite Ridge produce documents "supporting [Granite Ridge's] contention that [it] generated independently any of the architectural plans [it] offered as an option to [its] customers to use in building a home that Design Basics, Inc. alleges were copies or derivative of plans published in books [it]

---

[1] As noted *supra*, Design Basics joined in Granite Ridge's motion to stay, and while the first two concerns are ostensibly inapplicable to Design Basics, it could still be prejudiced if resolution of the declaratory action collaterally estops it from contesting an issue in its lawsuit against Granite Ridge. Moreover, it would make little sense to stay discovery about Granite Ridge, but not Design Basics, as it would negate the benefits to Granite Ridge any partial stay was designed to achieve.

4

purchased from Design Basics, Inc." (Mot. to Stay Ex. 1.) Lake States also asks that Granite Ridge "[a]dmit that [it] constructed homes for [its] customers using plan(s) published in the books [it] purchased from [Design Basics]." (Mot. to Stay Ex. 3.) These requests are not only "logically related" to the copyright action, they seek information regarding the very same issues that Design Basics is litigating against Granite Ridge, that is, whether Granite Ridge infringed Design Basics's copyrights.[2] By pushing forward with discovery on these issues, Lake States is "effectively attacking [Granite Ridge] and thus giv[ing] aid and comfort to [Design Basics] in the underlying suit" and is requiring Granite Ridge "to fight a two-front war." *Haskel*, 39 Cal. Rptr. 2d at 529.

Nevertheless, Lake States maintains that staying proceedings in the declaratory action pending resolution of the underlying action is not necessarily required. In support, it cites a single case, *Newark v. Turner Broadcasting Network*, 226 F. Supp. 2d 1215, 1222 (C.D. Cal. 2002), in which the Court decided not to stay the declaratory action. *Newark*, however, is easily distinguished from the case at bar, as it does not involve issues of insurance coverage, and therefore does not address the particular prejudices that an insured might experience if a declaratory action moves forward.

Furthermore, Lake States argues that Granite Ridge's fears of collateral estoppel "have

---

[2] Lake States maintains that the issues in the declaratory action and the underlying suit are not "identical" because "determination of [Granite Ridge's] liability in the underlying suit hinges solely on a determination of **whether** [Granite Ridge] infringed Design Basics'[s] copyrights and not whether said infringement was **willful** or **intentional**." (Resp. 3.) Contrary to Lake States's argument, Design Basics does assert a cause of action against Granite Ridge for willful infringement, *see* Pl.'s Second Am. Compl. at ¶¶ 19-21, *Design Basics, Inc. v. Granite Ridge Builders, Inc. by Tony Reincke*, No. 1:06-cv-72 (N.D. Ind. Mar. 10, 2006), and the Court cannot determine within the realm of this motion whether willful infringement is a viable claim. But even if such a claim is not viable, the issues in the declaratory action and the underlying suit do not have to be identical; instead, they only have to be "logically related." *Haskel*, 39 Cal. Rptr. 2d at 530.

5

no basis in fact" because "the intent of the parties was to let the underlying action proceed to conclusion before the trial of this action." (Resp. Br. 3.) However, Lake States cites nothing in the record to support this contention, and as no trial dates have been set in this cause of action, collateral estoppel is still a viable concern for Granite Ridge.

Balancing the prejudice to Granite Ridge against Lake States's interest in continuing discovery, *see Montrose II*, 31 Cal. Rptr. 2d at 43, it is clear that staying discovery in this action is appropriate. In that regard, Lake States maintains that if discovery is stayed, it will not have adequate information with which to negotiate in good faith at the August 1, 2007, settlement conference. Presumably, however, Lake States will be permitted to attend any depositions that take place prior to the settlement conference, thus offsetting this concern. Moreover, Lake States will likely be able to obtain from opposing counsel copies of that discovery that has already transpired in the 1:06-cv-72 case. Accordingly, the prejudice to Granite Ridge of fighting a "two-front war" and of being collaterally estopped in the underlying litigation is not outweighed by Lake States's interest in moving forward with discovery.

## IV. CONCLUSION

For the foregoing reasons, the motions to stay discovery filed by Granite Ridge and Design Basics (Docket # 20-21) are GRANTED.

SO ORDERED.

Enter for June 7, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
