UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CAUSE NO. 1:06-CV-00397 |
| GRANITE RIDGE BUILDERS, INC., et al., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a Motion to Extend Time to Respond to Defendants' Motions for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(f) and to Lift Stay of Discovery ("Rule 56(f) Mot.") (Docket # 53) filed by Plaintiff Harleysville Lake States Insurance Company ("Harleysville") pursuant to Federal Rule of Civil Procedure 56(f), requesting 120 days to conduct additional discovery and thirty days after the close of discovery in which to file its response to Defendants' pending motions for summary judgment (Docket # 49, 51).  For the reasons stated herein, Harleysville's motion will be GRANTED.

*A.  Factual and Procedural Background*

On March 10, 2006, Design Basics, Inc. ("DBI"), who is engaged in the business of publishing and licensing architectural designs, filed a complaint for copyright infringement against Defendant Granite Ridge Builders, Inc., a home builder, and certain other associated entities and individuals (collectively "Granite Ridge"), alleging that Granite Ridge had willfully infringed DBI's copyrights in certain architectural plans by reproducing unauthorized copies of the plans and by building houses using the copied plans. (Compl. for Declaratory J. ¶ 21.)  As a

result, Harleysville, the insurance company who insures Granite Ridge, filed this suit against Granite Ridge, seeking a declaratory judgment that it owes no duty under its insurance policy to defend or indemnify Granite Ridge in that underlying action. (Compl. for Declaratory J. ¶¶ 27, 28.)

On April 17, 2007, Granite Ridge and DBI filed a motion to stay all discovery in this suit pending the outcome of the underlying litigation against Granite Ridge. (Docket # 20, 21.)  On June 7, 2007, the Court granted the motion and stayed all discovery. (Docket # 34.)  On August 21, 2007, Harleysville filed its first motion to lift the stay of discovery, which the Court denied on August 30, 2007. (Docket # 40, 46.)

In October 2007, Granite Ridge and DBI each filed motions for partial summary judgment in this action, advancing essentially three arguments: (1) Granite Ridge did not receive a reservation of rights letter from Harleysville notifying it that Harleysville was providing only a conditional defense of Granite Ridge in the underlying action; (2) even if Harleysville's reservation of rights letter was sent to Granite Ridge, it did not effectively reserve Harleysville's rights; and (3) Harleysville fully controlled Granite Ridge's defense during the nine months that elapsed from when Harleysville undertook the defense of Granite Ridge to the time Harleysville filed this declaratory judgment action. (*See* Br. in Supp. of Mot. for Partial Summ J. 4-11; DBI's Mem. in Supp. of Mot. for Partial Summ. J. 5-17; Rule 56(f) Mot. ¶ 3.)  As a result, Granite Ridge and DBI contend that Harleysville's actions prejudiced Granite Ridge as a matter of law and, therefore, that Harleysville is estopped from raising any coverage defenses. (*See* Rule 56(f) Mot. ¶ 3.)  In response, Harleysville filed the instant motion, requesting that the Court lift the stay of discovery so that it may perform certain targeted discovery to effectively respond to the

two motions for summary judgment.

### B.  Legal Standard

Federal Rule of Civil Procedure 56(f) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).  "Rule 56(f) is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3rd Cir. 2007) ("District courts usually grant properly filed Rule 56(f) motions as a matter of course." (citation omitted)); *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) ("[Rule 56(f)] motions are broadly favored and should be liberally granted."); *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 (1st Cir. 1999) ("When all . . . requirements [of a Rule 56(f) motion] are satisfied . . . a strong presumption arises in favor of relief . . . [and the movant] should be treated liberally.").

The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that it cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive* Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002).  This requires the filing of an affidavit by the non-movant, articulating the reasons why it is unable to submit the necessary material to the court. *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.  The non-movant must also identify the material facts that it anticipates discovering. *See Grundstad v. Ritt*,

166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that it has not been dilatory in pursuing discovery.[1] *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.

## C. Discussion

Here, Harleysville requests the Court to lift the stay of discovery so that it may perform certain targeted discovery to effectively respond to Granite Ridge's and DBI's motions for summary judgment. More particularly, Harleysville requests to perform discovery in three general areas: "(1) what notice did [Granite Ridge] receive from Harleysville as to Harleysville's intent to defend the underlying suit under a reservation of rights and when was that notice received; (2) what was the extent of the defense Harleysville provided to Granite Ridge (what facts support or contradict [Granite Ridge's] contention that the defense was 'complete'); and (3) to what extent did Harleysville 'control' the litigation in the underlying case." (Harleysville's Reply Br. in Supp. of Its Rule 56(f) Mot. 4.) Granite Ridge and DBI, however, oppose Harleysville's request for discovery, arguing that the information that Harleysville seeks will be essentially useless with respect to their pending motions for summary judgment because both the facts of this case and the applicable law is clear.

Despite Granite Ridge's and DBI's opposition, Harleysville's request under Rule 56(f)

---

[1] Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144315, at *2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

fairs well when analyzed under the applicable legal standard. To elaborate, Harleysville thoroughly articulates the reasons why it is unable to respond to the pending motions for summary judgment in its affidavit, *see Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1, and it identifies the material facts that it anticipates discovering, *see Grundstad*, 166 F.3d at 873; *Neal*, 2002 WL 32144315, at *1.

For example, Harleysville states that it wants to conduct discovery to determine whether "[Granite Ridge's] . . . business practices regarding receipt and retention of documents and communications regarding reservation of rights are reliable," whether "the individual(s) at [Granite Ridge] responsible for handling an[y] communication regarding legal claims had any notice of Harleysville's reservation of rights prior to the filing of the declaratory judgment in this case," whether "it was reasonable for [Granite Ridge] to assume Harleysville was defending it without reservation of rights in light of communications with Harleysville . . .," and whether [Granite Ridge's] business practices were followed with regard to [its] telephone conversations with Harleysville . . . about [DBI's] claims." (Rule 56(f) Mot. 5, 8.) Harleysville anticipates that this discovery "will show that [Granite Ridge] kept written records memorializing the telephone conversations and that all individuals responsible for assisting [Granite Ridge's] counsel with the defense of the underlying claim were aware of these conversations." (Rule 56(f) Mot. 8-9.)

Indeed, the argument that Harleysville hopes to develop through this discovery – that a reservation of rights can be effective without a formal reservation of rights letter – is not unheard of in the law. *See State Farm & Cas. Co. v. Jioras*, 29 Cal. Rptr. 2d 840, 846 n.12 (Cal. App. 1994). Whether it is applicable in Indiana, however, is a matter for the district court to decide on summary judgment. The district court may not be able to fully decide the issue without first

5

giving Harleysville an opportunity to develop the record.

As a second example, under *Transcontinental Insurance Co. v. J.L. Manta, Inc.*, 714 N.E.2d 1277, 1282-83 (Ind. Ct. App. 1999), the case Granite Ridge and DBI refer to as the "controlling authority" or "seminal case" in Indiana on the matter of estoppel (*see* Granite Ridge's Resp. to Rule 56(f) Mot. 2; DBI's Resp. to Rule 56(f) Mot. 8-9), prejudice as a matter of law arises when the insurer "assumes a *complete defense* of the underlying suit against the insured and *controls* the litigation for an extended period of time after becoming aware of a coverage defense." *Manta*, 714 N.E.2d at 1282 (emphasis added).  Here, unlike the facts in *Manta*, Granite Ridge has had personal counsel involved in the underlying dispute.  Thus, discovery concerning the extent of the involvement of Granite Ridge's counsel and Harleysville's counsel in the underlying action certainly seems relevant to the issue of prejudice.

Furthermore, Harleysville clearly has not been dilatory in pursuing discovery, since the Court stayed all discovery in this case and thus prevented Harleysville from performing *any* discovery on these issues. *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.  In fact, Harleysville has diligently advocated its need for discovery throughout this entire litigation, initially opposing the stay and filing two requests thereafter asking that the stay be lifted. (*See* Docket # 25, 40, 53.)

As a result, because the law requires some liberality with respect to Rule 56(f) motions, *King*, 26 F.3d at 726, the Court will grant Harleysville's Rule 56(f) Motion and will lift the stay of discovery so that Harleysville may perform the discovery outlined in its Motion.

### D.  Conclusion

For the reasons stated herein, Harleysville's Motion to Extend Time to Respond to Defendants' Motions for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(f) and to Lift Stay of Discovery (Docket # 53) is GRANTED.  Therefore, Harleysville shall have until April 15, 2008, to conduct the discovery outlined in its Rule 56(f) Motion and until May 15, 2008, to file its response to Defendants' pending motions for summary judgment (*see* Docket # 49, 51).

SO ORDERED.

Enter for this 13th day of December, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge