UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CAUSE NO.  1: 06-CV-397 ) |
| GRANITE RIDGE BUILDERS, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court is a stipulation by the parties seeking approval of a revised proposed protective order (Docket # 68) that arose out of a motion for protective order filed by Granite Ridge (Docket # 62).[1] Hearings were held on the motion on February 29, 2008, and March 12, 2008 (Docket # 67, 72). For the reasons stated on the record, the revised proposed protective order submitted by the parties on March 4, 2008, will be GRANTED.

The Court's work is not complete, however, as the parties stipulate in the protective order that disclosure for purposes of discovery in this case of certain e-mails that are subject to the attorney-client or work-product privileges in the underlying copyright infringement litigation, *Design Basics v. Granite Ridge Group*, No. 06-CV-72 (N.D. Ind. filed March 10, 2006), will not waive the privileges in the underlying litigation. (*See* Agreed Protective Order ¶ 2.) Therefore, in connection with the revised protective order, the parties requested that the Court complete an

---

[1] The use of "Granite Ridge" herein includes Defendants Granite Ridge Builders, Inc.; Granite Ridge Builders Inc. by Tony Reincke; HG Development LLC; Granite Ridge Builders Inc. of Indianapolis; Granite Ridge Group, Inc.; Tony Reincke; and Anthony Reincke.

*in camera* inspection of various e-mails responsive to a discovery request posed to Granite Ridge by Plaintiff for purposes of determining whether the e-mails are subject to the attorney-client or work-product privileges in the underlying litigation.[2]

After hearing argument on the matter at the hearings, the Court concludes that for the reasons articulated herein, some, but not all, of the e-mails proffered by Granite Ridge are indeed protected by the attorney-client and work-product privileges in the underlying litigation.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Relevant information need not be admissible at trial so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978)).

There are two well-known exceptions to the liberal discovery rules that are relevant to this discovery dispute: the attorney-client privilege and the work-product doctrine. *Coachmen Indus. Inc. v. Kemlite*, No. 3:06-CV-160 CAN, 2007 WL 3256654, at *2 (N.D. Ind. Nov. 2, 2007) (citing *United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999)).  These privileges

---

[2] This is *not* a motion to compel, as Granite Ridge agrees to disclose to Plaintiff all of the requested e-mails without redaction; thus, discussion of whether Granite Ridge may have waived any privileges with respect to the instant case is unnecessary.  Rather, Granite Ridge is simply seeking a ruling to further clarify the parties' agreement in the stipulated protective order that the disclosure of any privileged documents in the instant litigation does not waive the privileges in the underlying litigation. (*See* Granite Ridge's Reply Br. (Docket # 71) ¶ 1.)

were discussed in detail by this Court in *Barton v. Zimmer*, No. 1:06-CV-208, 2008 WL 80647, at *3-7 (N.D. Ind. Jan. 7, 2008), and need not be repeated here.  Suffice it to say, the Court applied the standards articulated in *Barton* in the context of its *in camera* inspection here.

### III.  ANALYSIS

*A.  The* In Camera *Inspection of the E-mails With Respect to the Attorney-Client Privilege*

Based on the Court's *in camera* inspection of the e-mails, the following e-mail strands[3] are privileged because (1) they involve communications made in confidence by Granite Ridge employees who were "sufficiently identified" with the corporation with respect to the seeking of legal advice, *see Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007); (2) they involve communications made by counsel to Granite Ridge employees "sufficiently identified" with the corporation, which contain legal advice or that would reveal the substance of a confidential communication made by Granite Ridge employees, *see Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000); or (3) the communications involve legal advice rendered by Granite Ridge's counsel that was forwarded to Granite Ridge employees who needed access to the information, *see Baxter Travenol Labs., Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919, at *5 (N.D. Ill. June 19, 1987):  59-60, 62-80, 83, 105-106, 171-173, 187, 196-197, 508-515, 522, 526-527, 529, 587, 740-741, and 747.

The following e-mail strands are not privileged because the communications (1) were made by Granite Ridge employees to counsel but the employees were neither seeking legal advice nor sharing confidential information in the communication, *see Jenkins*, 487 F.3d at 490; (2) were made by counsel to Granite Ridge employees but did not contain legal advice or reveal

---

[3] Each e-mail strand is identified by its respective Bates number.

the substance of a confidential communication made by Granite Ridge employees, *see Rehling*, 207 F.3d at 1019; or (3) did not involve a communication between Granite Ridge employees and its attorney, *see Jenkins*, 487 F.3d at 490: 86, 88-90, 95-97, 101-104, 117-121, 123-125, 541-549, 665-666, 699, 703-704, and 735.

    B. *The* In Camera *Inspection of the E-mails With Respect to the Work-Product Doctrine*

Granite Ridge asserts the work-product doctrine with respect to just three e-mail strands: 95-97, 101-104, and 703-704.[4]  After an *in camera* inspection of these e-mails, the Court concludes that the e-mails were prepared in anticipation of litigation of the underlying litigation, and thus constitute attorney work-product. *See* Fed. R. Civ. P. 26(b)(3).

### IV.  CONCLUSION

For the reasons set forth herein, the revised proposed stipulated protective order in the form submitted by the parties on March 4, 2008 (Docket # 68) is APPROVED and will be contemporaneously entered as an Order of the Court.  In connection with the stipulation between the parties in the protective order regarding the attorney-client privilege and work-product doctrine, the following documents are subject to the attorney-client privilege: 59-60, 62-80, 83, 105-106, 171-173, 187, 196-197, 508-515, 522, 526-527, 529, 587, 740-741, and 747; and the following documents are subject to the work-product doctrine: 95-97, 101-104, and 703-704.

    SO ORDERED.  Enter for March 12, 2008.

                                                           S/Roger B. Cosbey
                                                          Roger B. Cosbey,
                                                          United States Magistrate Judge

---

[4] Actually, Granite Ridge only expressly raised the work-product doctrine with respect to 95-97 and 101-104.  Nonetheless, 703-704 is a duplicate of 101-104, and thus we will extend the work product doctrine to 703-704 to remedy Granite Ridge's apparent oversight.