# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    CAUSE NO. 1:06-CV-00397 ) |
| GRANITE RIDGE BUILDERS, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Simultaneously with this Order and in accordance with the "parallel versions" used in *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), the Court is filing a redacted Report and Recommendation with respect to Defendants' two motions for partial summary judgment (Docket # 49, 51), and is submitting an unredacted Report and Recommendation under seal. *Id*. ("[B]oth judicial opinions and litigants' briefs must be in the public record, if necessary in parallel version-one full version containing all details, and another redacted version with confidential information omitted.").

Consistent with the parties' assertions in their Second Revised Agreed Protective Order filed on May 27, 2008 (Docket # 84), which was approved by this Court on June 12, 2008 (Docket # 88), the portions of the Report and Recommendation that have been redacted are those that may implicate the attorney-client privilege or the attorney work product. However, because the parties took an over-inclusive view of the scope of the Second Revised Agreed Protective Order in briefing their motions, the Court's Report and Recommendation does not contain all the redactions submitted by the parties in the voluminous record. "What happens in federal court is

presumptively open to public scrutiny." *Hicklin Eng'g*, 439 F.3d at 348; *see, e.g.*, *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 478 F. Supp. 2d 1076, 1085 n.11 (S.D. Ind. 2007) (unsealing certain evidence plaintiffs filed under seal in opposition to a summary judgment motion "[b]ecause part of this evidence is germane to the dispute that the Court must publicly decide, and any basis of secrecy appears dubious . . . ."); *Doe v. Exxon Mobil Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008) ("[A]pproval of the [p]rotective [o]rder, which allows the parties to file certain documents under seal, does not mean that references to protected information and documents in a judicial opinion must be redacted. Rather, the court must . . . determine whether the strong presumption in favor of access has been overcome."); *In re Sealing and Non-Disclosure of Pen/Trap/2703(D) Orders*, 562 F. Supp. 2d 876, 891 (S.D. Tex. 2008) ("In the top drawer of judicial records are documents authored or generated by the court itself in discharging its public duties, including opinions, orders, judgments, docket sheets, and other information related to the court's public functions. Unlike the lower two [drawers], this drawer is hardly ever closed to the public.").

The Clerk is DIRECTED to send a copy of the unredacted Report and Recommendation to counsel for the parties. The unredacted Report and Recommendation will otherwise remain under seal until further order.

SO ORDERED.

Entered this 17th day of November, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge