| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-397-TS |
| | ) | |
| GRANITE RIDGE BUILDERS, INC., | ) | |
| GRANITE RIDGE BUILDERS, INC. BY TONY | ) | |
| REINCKE, HG DEVELOPMENT, LLC, | ) | |
| GRANITE RIDGE BUILDERS, INC. OF | ) | |
| INDIANAPOLIS, GRANITE RIDGE GROUP, | ) | |
| INC. BY TONY REINCKE D/B/A GRANITE | ) | |
| RIDGE REALTY, TONY REINCKE, | ) | |
| INDIVIDUALLY, DESIGN BASICS, INC., and | ) | |
| ANTHONY REINCKE, INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Harleysville Lake States Insurance Company (Plaintiff Harleysville) instituted

this action seeking a declaratory judgment that its insurance policy excludes coverage of a

knowing violation of the rights of another and that it owes no duty to defend, indemnify, or pay

any judgment, settlement, or award against or agreed to by Granite Ridge Builders, Inc., and

related parties (Granite Ridge Defendants) in a separate copyright infringement lawsuit that

Defendant Design Basics, Inc., has instituted against the Granite Ridge Defendants in this Court

(No. 1:06-CV-72). The Granite Ridge Defendants and Defendant Design Basics have asserted

waiver and estoppel as affirmative defenses to the Plaintiff's claim, and the Granite Ridge

Defendants counterclaimed against Plaintiff Harleysville, alleging bad faith on the part of

Plaintiff Harleysville and seeking a declaratory judgment that Plaintiff Harleysville, among other

things, owes the Granite Ridge Defendants a duty to defend and indemnify in the underlying

copyright infringement lawsuit.

On November 17, 2008, Judge Cosbey issued a Report and Recommendation [DE 127], recommending that the Defendants' Motions for Partial Summary Judgment be granted and that Plaintiff Harleysville's Motion to Strike be denied as moot. On November 26, Plaintiff Harleysville filed its Objection to Report and Recommendation [DE 130]. For the following reasons, the Court adopts the Report and Recommendation of Magistrate Judge Roger B. Cosbey.


**BACKGROUND**

On October 15, 2007, the Granite Ridge Defendants filed a Motion for Partial Summary Judgment [DE 49] and a Brief in Support [DE 50]. On October 19, Defendant Design Basics filed a Motion for Partial Summary Judgment [DE 51] and a Memorandum in Support [DE 52]. In requesting summary judgment in their favor, the Defendants argue that no material facts are in dispute and that they are entitled to partial summary judgment that Plaintiff Harleysville is estopped from asserting any policy defenses and impliedly waived any defenses by defending the Granite Ridge Defendants in the underlying copyright infringement lawsuit without a reservation of rights. On June 24, 2008, Plaintiff Harleysville filed its Response to Defendants' Motions for Summary Judgment [DE 94] and a Motion to Strike Paragraph 6 of the Affidavit of Anthony Reincke a/k/a Tony Reincke [DE 93]. On July 18, the Granite Ridge Defendants and Defendant Design Basics filed their Reply briefs [DE 103 & 105] in further support of their summary judgment motions. Also on July 18, the Granite Ridge Defendants filed their Response [DE 102] to Plaintiff Harleysville's Motion to Strike. With the Court's approval, Plaintiff Harleysville on

September 26 filed a Surresponse in Opposition to Defendants' Motions for Partial Summary Judgment [DE 118], and on October 27, the Granite Ridge Defendants and Defendant Design Basics filed Surreply briefs [DE 124 & 125].

On October 6, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(d)(1), the Court referred this matter to Magistrate Judge Roger B. Cosbey to prepare a report and recommendation on the two pending Motions for Partial Summary Judgment. In its Order, the Court also referred the pending Motion to Strike to Judge Cosbey. On November 17, Judge Cosbey issued his Report and Recommendation [DE 127], recommending that the Defendants' Motions for Partial Summary Judgment be granted and that Plaintiff Harleysville's Motion to Strike be denied as moot.[1] In his Report and Recommendation, Judge Cosbey reached the following specific conclusions: no reasonable factfinder could conclude that the Granite Ridge Defendants received Plaintiff Harleysville's letter dated March 31, 2006; even if the Granite Ridge Defendants had received Plaintiff Harleysville's March 31, 2006 letter, it lacks sufficient detail to constitute an effective reservation of rights and was never supplemented; Plaintiff Harleysville's oral and email communications do not constitute a reservation of rights; and Plaintiff Harleysville controlled the litigation for an extended period of time after becoming aware of a coverage defense, and thus prejudice is presumed as a matter of law.

On November 26, Plaintiff Harleysville filed its Objection to Report and Recommendation [DE 130]. On December 5, Defendant Design Basics filed its Response to the Plaintiff's Objection [DE 133].

---

[1] On November 25, the Magistrate Judge entered an Order [DE 132], correcting his Report and Recommendation to accurately reflect the date of the March 31, 2006, letter.

## DE NOVO STANDARD OF REVIEW

If a party objects to a magistrate judge's report and recommendation on a dispositive motion, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## INDIANA ESTOPPEL AND RESERVATION OF RIGHTS STANDARDS

As a federal court siting in diversity, the Court applies state law to resolve substantive questions. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). In this case, the parties assume that Indiana law applies. When the Indiana Supreme Court has not confronted a particular issue, this Court is to predict how that court would decide the issue if presented with it.[2] *Id.*

In the insurance context, "estoppel refers to a preclusion from asserting rights by an insurance company or an abatement of rights and privileges of the insurance company where it would be inequitable to permit the assertion. . . . [T]he doctrine of estoppel is not available to create or extend the scope of coverage of an insurance contract." *Founders Ins. Co. v. Olivares*, 894 N.E.2d 586, 592 (Ind. Ct. App. 2008) (internal quotation marks and citations omitted).

---

[2] In his Report and Recommendation, Judge Cosbey stated these standards and noted the parties apparent agreement that Indiana law applied, and none of the parties has objected to them.

Indiana courts have recognized an exception, which is predicated upon the insurer's conflict of interest and the insured's right to control its defense, when an insurance company "assumes the defense of an action on behalf of its insured without a reservation of rights but with knowledge of facts which would have permitted it to deny coverage." *Id.* (quotation marks and citation omitted). When this exception applies, the insurer may be estopped from raising the defense of noncoverage. *Id.* Three factors are considered in determining whether this exception applies: (1) whether the insurer had sufficient knowledge of facts that would permit it to deny coverage;[3] (2) whether the insurer assumed the defense of the insured without obtaining an effective reservation of rights agreement; and (3) whether the insured suffered some type of harm or prejudice. *Id.* at 593 (citing *Transcontinental Ins. Co. v. J.L. Manta, Inc.*, 714 N.E.2d 1277, 1281–82 (Ind. Ct. App. 1999)). Thus, an insurer that questions whether a claim falls within the scope of policy coverage or raises a defense that its insured has breached a policy condition has essentially two options: (1) file a declaratory judgment action for a judicial determination of its obligations under the policy; or (2) hire independent counsel and defend its insured under a reservation of rights."[4] *Gallant Ins. Co. v. Oswalt*, 762 N.E.2d 1254, 1258 (Ind. Ct. App. 2002), *trans. denied*. The insurer bears the burden of proving by a preponderance of the evidence that it appropriately

---

[3] There seems to be little dispute regarding the Plaintiff's knowledge of facts related to the copyright infringement action that would permit it to claim a coverage defense. The copyright infringement suit was instituted on March 10, 2006. On March 27, Granite Ridge's insurance agent, SourceOne Group, LLC (SourceOne), submitted a notice of the claim to the Plaintiff. Larry Berklich claims that he sent a reservation of rights letter on March 31. Thus, the second and third factors are the critical factors for purposes of the Defendants' Motions for Summary Judgment.

[4] These standards have been articulated by the Indiana Court of Appeals in a series of opinions, and the Indiana Supreme Court has been afforded the opportunity to review and has denied transfer. *See, e.g., Employers Ins. of Wausau v. Recticel Foam Corp.*, 716 N.E.2d 1015 (Ind. Ct. App. 1999), *trans. denied*. Nevertheless, Indiana Rule of Appellate Procedure 58(B) provides that the denial of a petition to transfer "shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court."

preserved its defense. *Olivares*, 894 N.E.2d at 593 (affirming a trial court's determination, on a claim for declaratory relief, that the insurer did not prove by a preponderance of the evidence that it properly reserved its right to deny coverage).

## DISCUSSION

In its Objection to Report and Recommendation, Plaintiff Harleysville argues generally that the Report and Recommendation does not view the facts in the light most favorable to it, the non-movant, and that the Report and Recommendation is contrary to Indiana law. The Plaintiff urges that the Report and Recommendation does not view the facts as a whole, but instead seizes on a small number of facts. In developing these arguments, Plaintiff Harleysville presents five basic objections to the Report and Recommendation. These five objections are essentially the same arguments made by Plaintiff Harleysville in its Response and Surresponse briefs and cover little new ground.

### A.      Facts and the Reasonable Factfinder

Plaintiff Harleysville argues that the Report and Recommendation applies the standard of a "reasonable factfinder" in resolving factual disputes instead of resolving all factual disputes in its favor. Plaintiff Harleysville notes that the Report and Recommendation correctly states the summary judgment standard, but that Judge Cosbey nevertheless relies heavily on a determination of what facts are most credible, weighed facts, and resolved factual disputes in favor of the Defendants.

From its Objection, it is unclear what Plaintiff Harleysville intends to make of the

reasonable factfinder concern it raises. The Seventh Circuit frequently considers what a reasonable factfinder would or could conclude in reviewing the summary judgment rulings of district courts. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Davis v. Carter*, 452 F.3d 686, 695-96 (7th Cir. 2006); *Gil v. Reed*, 381 F.3d 649, 662-64 (7th Cir. 2004). Based upon its review of the Report and Recommendation, the Court finds that Judge Cosbey correctly stated the summary judgment standard, and Judge Cosbey did not err in considering what a reasonable factfinder would or could conclude. If Plaintiff Harleysville's real concern is with Judge Cosbey's application of the summary judgment standard, then its first objection is not really an objection, but a preface to its other objections.

Additionally, Plaintiff Harleysville does not object to Judge Cosbey's factual findings in the Factual Background of his Report and Recommendation. Many of his factual findings are based upon documentary evidence, as to which there is no dispute, and even the testimonial evidence and affidavits do not show much dispute among the parties as to material facts or otherwise. The real issue is what inferences can *reasonably* be drawn from the facts, and according to the summary judgment standard, facts must be construed and all *reasonable* inferences must be drawn in Plaintiff Harleysville's favor. *See Woodruff v. Mason*, 542 F.3d 545, 550 (7th Cir. 2008) (stating that "[federal courts] construe facts in the light most favorable to the non-moving party but [they] are not required to draw every conceivable inference from the record. Instead, [federal courts] draw only reasonable inferences.") (internal quotation marks and citations omitted). The Court accepts the factual findings of Judge Cosbey that are set forth in his Report and Recommendation.

**B.      Larry Berklich's March 31, 2006, Letter**

Plaintiff Harleysville objects to the Report and Recommendation's conclusion that no reasonable factfinder could conclude that the Granite Ridge Defendants received Plaintiff Harleysville's March 31, 2006, letter. Plaintiff Harleysville argues that a genuine issue of material fact exists as to whether this letter was received by the Granite Ridge Defendants.

There is no dispute among the parties that Larry Berklich's March 31, 2006, letter to the Granite Ridge Defendants was wrongly addressed as to both the city/state and the zip code. The letter was addressed to Ms. Kathy Hartman, Granite Ridge Builders, Inc., 1020 Woodland Plaza Run, Fort Wayne, MI 46804; however, the correct address was Granite Ridge Builders, Inc., 1020 Woodland Plaza Run, Fort Wayne, IN 46825.[5] The letter also indicates that a carbon copy was intended for Granite Ridge's insurance agent, SourceOne Group, LLC (SourceOne). In support of their Motion for Partial Summary Judgment, the Granite Ridge Defendants came forward with evidence that neither the Granite Ridge Defendants nor SourceOne received Larry Berklich's March 31, 2006, letter.

Federal Rule of Civil Procedure 56(e)(2) addresses the obligation of the party opposing a summary judgment motion to respond. It states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

---

[5] On March 24, 2006, Plaintiff Harleysville, in a completely separate matter, sent a declination of coverage letter to the Granite Ridge Defendants at their correct address, with a carbon copy to SourceOne.

In responding to the Defendants' Motions for Partial Summary Judgment, Plaintiff Harleysville looks to create a triable issue of fact regarding receipt of Larry Berklich's March 31, 2006, letter. In doing so, it points to the letter itself and the Affidavit of Larry Berklich regarding the purported mailing of the letter. It also questions the letter-logging and filing procedures of the Granite Ridge Defendants and SourceOne and references a policy of the United States Postal Service regarding the routing of incorrectly addressed mail. Plaintiff Harleysville asks the Court to take judicial notice of a policy of the United States Postal Service as to how it handles a piece of mail that has a street/city/state of one place, but the ZIP code does not match. Even if the Court were to take judicial notice of the Postal Service's policy, the relevance of this policy is doubtful because Larry Berklich's March 31, 2006, letter has the wrong city/state and the wrong ZIP code, and thus it is of a different sort than that addressed in the referenced Postal Service policy. Plaintiff Harleysville has provided no evidence regarding delivery of a letter addressed to the wrong city/state and the wrong ZIP code.

It is noteworthy that Larry Berklich in his Affidavit does not affirmatively state that he sent the letter. Instead, he describes the procedure he ordinarily follows when he receives a file and sends a reservation of rights letter. According to this procedure, he makes a copy of the letter and places it in his claim file after placing the letter in the outgoing mail stack. He states that, "[i]f the letter had not been mailed, it would not have been placed in my claims file. The March 31, 2006 letter to [Granite Ridge], . . . , was placed in my claims file on March 31, 2006." (App. Tab 8, Berklich Aff. ¶ 3.) To find that Larry Berklich sent the letter, albeit to the wrong city/state and the wrong ZIP code, the Court would have to draw the inference that he sent the letter from facts regarding his filing and mailing procedure stated in his Affidavit. Even with the benefit of

that inference, which may be not a reasonable inference in this case,[6] the most that could be drawn from that inference is that he sent a letter addressed to the wrong city/state and to the wrong ZIP code, but that is different from showing (or providing a basis for a reasonable inference) that the Granite Ridge Defendants and SourceOne received the letter.

The Defendants have, however, presented proof that the letter was not received. Under Indiana law, "just as proof of proper mailing of a communication justifies the inference that it was received in due course, proof that it was not received justifies the inference that it was never mailed." *Am. Family Ins. Group v. Ford*, 155 Ind. App. 573, 578, 293 N.E.2d 524, 526–27 (1973). In support of this proposition, the Indiana Court of Appeals relied upon the following: "'When a letter, properly addressed and stamped, is deposited in the post office, the presumption arises that such letter arrived in due course at its destination. However, when the failure of such a letter to arrive has been established, there conversely arises the presumption that it was never mailed.'" *Id.* at 527 n.5 (quoting *Matlock v. Citizens Nat'l Bank*, 43 Idaho 214, 219, 250 P. 648, 649 (1926)). The court also observed that "the presumption of non-mailing [may be] overcome by convincing evidence of mailing." *Id.* at 527. The Plaintiff is entitled to no presumption that the letter arrived in due course at the Granite Ridge Defendant's address. First, even with the benefit of the favorable inference, the letter was not properly addressed (as to either city/state or ZIP code). Second, an inference of mailing based upon Larry Berklich's statements regarding his typical procedure is not "convincing evidence of mailing" so as to overcome the presumption of

---

[6] On April 3, Larry Berklich sent an email to representatives of the Granite Ridge Defendants that indicated an "Initial Reservation of Rights [was] attached" (App. Tab 3 at 82), but no document was actually attached. A representative of the Granite Ridge Defendants soon thereafter informed Larry Berklich that his April 3 email had no attachment, but Larry Berklich never sent the document. Larry Berklich drafted another reservation of rights letter, which remained in his file marked as a draft dated April 18, 2006, but he never sent this draft.

non-mailing.

Based upon the materials submitted and with reasonable inferences drawn in the Plaintiff's favor, Plaintiff Harleysville has not shown with specific facts a genuine issue that the Granite Ridge Defendants (or SourceOne) received Larry Berklich's March 31, 2006, letter, and thus the evidence is not such that a reasonable jury could return a verdict on this issue for the Plaintiff, which bears the burden of proof on this issue. For these reasons, the Court agrees with and accepts Judge Cosbey's recommended conclusion that no reasonable factfinder could conclude that the Granite Ridge Defendants received Larry Berklich's March 31, 2006, letter.

**C.      Knowledge of Plaintiff Harleysville's Alleged Reservation of Rights**

Plaintiff Harleysville objects to the Report and Recommendation's conclusions that even if the Granite Ridge Defendants had received Plaintiff Harleysville's March 31, 2006, letter, it lacks sufficient detail to constitute an effective reservation of rights and was never supplemented, and that Plaintiff Harleysville's oral and email communications do not constitute a reservation of rights. Plaintiff Harleysville urges that issues of fact exist as to whether the Granite Ridge Defendants had actual knowledge of its alleged reservation of rights and the reasons therefor and that the finding of estoppel is not well-founded.

**1.      *The Insufficiency of the March 31, 2006, Letter***

Plaintiff Harleysville does not address in detail Judge Cosbey's analysis and conclusion that the March 31, 2006, letter that Larry Berklich claims to have sent lacked sufficient detail and was never supplemented. Plaintiff Harleysville takes issue with Judge Cosbey's statement

that its "March 31 letter contains enough information that it likely provides at least 'bare notice' of its reservation of rights." (Report & Recommendation 15–16.) It criticizes Judge Cosbey at this point for relying on Illinois law related to bare notice, and it contends that no Indiana court has held that bare notice is insufficient. Although this aspect of the Plaintiff's Objection is underdeveloped, the Court will, in the interests of making the requisite determination and because of its bearing on other issues, consider Judge Cosbey's conclusion that Larry Berklich's March 31, 2006, letter, even if it had been received by the Granite Ridge Defendants, fails to include essential detail to constitute an effective reservation of rights and that Plaintiff Harleysville never supplemented that letter.

Other portions of Judge Cosbey's Report and Recommendation have bearing on this issue, including his recognition that "no Indiana court has outlined the proper contents of a reservation of rights letter" and his reliance (and the parties') upon "the writings of several expert commentators concerning the purpose and content of such letters." (Report & Recommendation 12.) Judge Cosbey reviewed in his Report and Recommendation a number of the legal standards presented by these authorities, including the purpose of reservation of rights being to enable insureds to make informed decisions, the construal of ambiguities in the reservation of rights against insurers, the elements insurers should include in their letters to avoid ambiguity, and the timing and supplementation of letters. (Report & Recommendation 12–14.) Although Plaintiff Harleysville objects to the Illinois authority cited by Judge Cosbey that bare notice is insufficient, the Plaintiff does not object to the other standards cited by Judge Cosbey, and the Plaintiff provides no Indiana authority supporting an argument that bare notice is sufficient.

Although the Indiana Supreme Court has not confronted a number of these particular issues, the Court predicts that the Indiana Supreme Court would develop the law in this area along the lines presented in the authorities cited by Judge Cosbey.[7] The Report and Recommendation sets forth the standards from these authorities (including Indiana case law as available) and applies them in reaching the conclusion that, even if the March 31 letter was received, it lacked sufficient detail and was never supplemented. The Report and Recommendation includes the relevant portions of the March 31, 2006, letter in its presentation of Factual Background, and against the backdrop of its discussion of the elements needed to avoid ambiguity, the Report and Recommendation carefully analyzes the information included in the letter and specifically notes information that the letter did not include. Judge Cosbey's analysis shows that the March 31 letter failed to include information relative to at least four of six elements (hence it would have only provided bare notice), and it is undisputed that Plaintiff Harleysville never supplemented the March 31, 2006, letter with a follow-up letter that provided additional details.

Having reviewed the March 31, 2006, letter and the submissions of the parties, and having considered the relevant standards, the Court finds that the March 31, 2006, letter (even if it were received by the Granite Ridge Defendants) failed to provide sufficient information

---

[7] Plaintiff Harleysville has, understandably, exhibited some reluctance to embrace the standards governing reservations of rights that were cited by the Defendants and Judge Cosbey in his Report and Recommendation. (*See* Def. Design Basics's Mem. in Support 7–10; Pl.'s Resp. 11–16; Report & Recommendation 12–14.) Contrary to the Plaintiff's suggestion that these are Defendant Design Basics's proposed requirements, the standards appear to be well-established in insurance coverage law and practice, as is borne out by a review of relevant portions of several treatises (which include citations to an extensive body of case law and other authorities) that Defendant Design Basics attached to its Memorandum in Support of its Motion. (*See* Def. Design Basics's Mem. in Support Exs. A–F.) Other than the bare notice standard, the Plaintiff has not disputed these standards, let alone shown that they are ill-founded. However, lacking an alternative set of standards, it has, nevertheless, argued that it satisfied these standards. (*See* Pl.'s Resp. 12–16.)

regarding the Plaintiff's claimed reservation of rights to enable the Granite Ridge Defendants to make an informed decision. *Olivares*, 894 N.E.2d at 594 (finding that the insurer failed properly to reserve its rights and that the insured was prevented from making "an intelligent choice between retaining his own counsel or accepting the [insurer's] defense counsel") (citing *Royal Ins. Co. v. Process Design Assocs., Inc.*, 582 N.E.2d 1234, 1239 (Ill. Ct. App. 1991)). The letter failed to describe the claims or allegations in the underlying complaint, including details of the facts known at that time, and failed to quote or reference the specific policy provisions that the Plaintiff contended precluded coverage or formed the basis of the coverage defenses and to explain their applicability—the March 31, 2006, letter raised a general question whether coverage is afforded by the policy for the allegations contained in the complaint. The letter also failed to provide a detailed explanation of the claim investigation that the Plaintiff would undertake to reach a final coverage decision and a time line for that decision—the letter referred, only in general terms, to an investigation of this matter and indicated that Larry Berklich would provide a coverage decision within fifteen business days, but he failed to do so. The letter also failed to advise regarding any issues that would actually or potentially give rise to a conflict of interest between the Plaintiff and the Granite Ridge Defendants, although it suggested that the Granite Ridge Defendants continue to retain the services of separate counsel to protect their interests until the coverage issue was decided. Finally, it is undisputed that Plaintiff Harleysville never supplemented the March 31, 2006, letter with a follow-up letter that provided additional details. For these reasons, the Court agrees with and accepts Judge Cosbey's recommended conclusion that, even if the Granite Ridge Defendants had received Larry Berklich's March 31, 2006, letter, it lacked sufficient detail necessary for the Plaintiff to reserve its rights and that it

14

was never supplemented.

2. ***The Alleged Actual Knowledge of the Granite Ridge Defendants***

The primary focus of this objection by Plaintiff Harleysville is its argument that the Granite Ridge Defendants had actual knowledge of the reservation of rights and the reasons therefor. Pointing to facts and circumstances outside the March 31, 2006, letter, the Plaintiff urges that the Granite Ridge Defendants had actual knowledge of the reservation and that "the totality of the circumstances show that the communications listed [by the Plaintiff] achieved the express purposes of a reservation of rights." (Pl.'s Objection 10.) This totality of the circumstances argument is necessary because Larry Berklich's March 31, 2006, letter never reached the Granite Ridge Defendants and because he failed to send a follow-up letter providing the requisite additional details.

In his Report and Recommendation, Judge Cosbey addressed the various communications highlighted by the Plaintiffs. He noted that there is no legal precedent in Indiana law for an oral reservation of rights, that there is very little precedent in any jurisdiction for an oral reservation of rights (noting the limited authority relied upon by the Plaintiff), and that an oral notice is seemingly at odds with the purposes for a reservation of rights letter, which is to provide insureds with specific reasons for a reservation of rights and a non-coverage decision and to enable insureds to make informed decisions. (Report & Recommendation 18.) The Report and Recommendation concluded that Larry Berklich's email and oral communications were inadequate to constitute a valid and effective reservation of the Plaintiff's rights. In its Objection, the Plaintiff reviews the oral and email communications that it claims

cumulatively amounted to a reservation of rights, but it provides no additional authority that would show that oral and/or email communications such as the Plaintiff points to in this case constitute an effective reservation of rights.

On March 30, 2006, Larry Berklich spoke by telephone with representatives of the Granite Ridge Defendants and indicated that he "saw *potential* coverage problems with the infringement exclusions and the knowing violation exclusions. And that there *could* also be other exclusions." (App. Tab 48, Berklich Dep. 25 (emphases added); *see also* App. Tab 48, Berklich Dep. 44.) In its Objection, the Plaintiff indicates that this "provided a clear and unambiguous reservation of rights beyond bare notice." (Pl.'s Objection 9.) However, the presence of the subjunctive mood in Larry Berklich's statement, coupled with the word "potential," shows the provisional and tentative nature of his initial assessment and the coverage uncertainty that existed. The context of his March 30 statement reinforces this assessment. In discussing his March 31 letter and its statement that he would provide a coverage decision within fifteen days, he indicated that he "advised Granite Ridge verbally that there was [sic] coverage issues, and that we were going to need to seek a coverage opinion. They understood that fully." (App. Tab 48, Berklich Dep. 24.) After testifying that he did not send a coverage decision with fifteen days, he testified that he would have provided the coverage decision in writing, but that "[i]t was not done in writing, because I had already informed [the Granite Ridge Defendants' representatives], verbally, that [the Plaintiff] was going to have to seek a coverage opinion and would not be able to provide a final decision." (App. Tab 48, Berklich Dep. 25–26.) He also stated that, at a minimum of two times, he verbally discussed the knowing violation of rights coverage defense with representatives of the Granite Ridge Defendants, but that no written reservation of rights

letter to the Granite Ridge Defendants identified any of the Plaintiff's three possible coverage defenses (i.e., knowing violation of rights of another, material published prior to the policy period, and failure to give prompt notice of claim). (App. Tab 48, Berklich Dep. 24.) Larry Berklich's March 30 statement on the telephone to representatives of the Granite Ridge Defendants does not constitute a clear, unambiguous, or effective reservation of rights.

On April 3, Larry Berklich sent an email message to representatives of the Granite Ridge Defendants asking if "there is separate insurance coverage for Granite Ridge Group, Inc. by Tony Reincke dba Granite Ridge Realty" and indicating that an "Initial Reservation Of Rights" was attached to the email message. (App. Tab 3 at 82.) On April 11, in response to an email message from a representative of the Granite Ridge Defendants requesting a status update regarding insurance because they had a deadline to respond to a waiver of service, Larry Berklich wrote:

> I am having a coverage opinion done, but in the mean time I have sent this to Bob Kabisch . . . to waive the service and file responsible pleadings for Granite Ridge Builders, Granite Ridge Builders, Inc. of Indianapolis and Granite Ridge Developers [LLC] only. I will be defending under a full reservation of rights. I will get that to you early next week. It is still with the coverage [attorney] at this time.

(App. Tab 3 at 99.) In an email response on April 11, a representative of the Granite Ridge Defendants thanked Larry Berklich for the update and informed him that no file (named "initial rights of reservation" or otherwise) had been attached to Larry Berklich's April 3 email message. Larry Berklich did not follow up with any such document. On April 14, Larry Berklich spoke by telephone with representatives of the Granite Ridge Defendants about them using their own counsel. Larry Berklich told them that they could at their own expense and that he was sending them a reservation of rights, which "they understood from our previous conversations." (App.

Tab 47 at E-6.) The representatives of the Granite Ridge Defendants indicated that they approved of Attorney Robert Kabisch of Hunt Suedhoff & Kalamaros, L.L.P., but that they would keep their own counsel in the loop. Larry Berklich never sent the reservation of rights follow-up letter that he told the Granite Ridge Defendants to expect, and the Plaintiff never sent the Granite Ridge Defendants any detailed, full reservation of rights letter or a coverage decision. The Plaintiff retained Attorney Kabisch to represent the Granite Ridge Defendants, and later it retained Attorney Erin Clancy to represent the Granite Ridge Defendants. On December 13, 2006, approximately eight and a half months (or about 261 days) after receiving notice of the copyright infringement lawsuit, the Plaintiff filed this declaratory judgment action.

These facts demonstrate that the Plaintiff failed to provide the Granite Ridge Defendants an effective reservation of rights letter (whether initial or full and final) and failed to timely institute its declaratory judgment action. The Plaintiff told the Granite Ridge Defendants that it was seeking a coverage decision and that a reservation of rights letter was forthcoming, but the Granite Ridge Defendants were never provided such a decision or letter. At the same time, the Plaintiff retained counsel to defend the Granite Ridge Defendants. Thus, the Plaintiff created an ambiguous coverage situation—the Granite Ridge Defendants knew of a possible coverage issue, which is why the Plaintiff was seeking a coverage opinion from an attorney, but they received no coverage decision or letter in which the Plaintiff provided the necessary information and effectively reserved rights.

The Plaintiff points to other pieces of evidence to support its claim that the Granite Ridge Defendants had actual knowledge of the reservation of rights. First, it highlights the testimony of a representative of the Granite Ridge Defendants regarding the meaning of a reservation of

rights, which he stated means "reserv[ing] the right to cover you or not." (App. Tab 54, Hueber Dep. 81.) From the context, it is clear that the testimony related to Larry Berklich's April 3 email message that stated "Initial Reservation Of Rights attached," although there was no such file attached. (App. Tab 54, Hueber Dep. 80–81.)

Second, it points to email messages this representative of the Granite Ridge Defendants sent to their attorney at Baker & Daniels, L.L.P.[8] This representative of the Granite Ridge Defendants forwarded to their Baker & Daniels attorney Larry Berklich's April 3 email message that stated "Initial Reservation Of Rights attached," but of course no such file was attached. He also forwarded Larry Berklich's April 11 email message in which he mentioned the Plaintiff's intention to "defend[] under a full reservation of rights." (App. Tab 3 at 105.)

Third, it directs attention to an April 19 email message from the Granite Ridge Defendants' attorney at Haller & Colvin, P.C., to an attorney at Kightlinger & Gray, L.L.P., in which the Granite Ridge Defendants' attorney states that these Defendants have "been sued very recently for copyright infringement, and it is [his] understanding Harleysville has agreed to defend with a reservation of rights." (App. Tab 3 at 529.)

Fourth, it points to communication between representatives of the Granite Ridge Defendants and SourceOne. In these communications, which occurred in March or April 2006, the representatives of SourceOne told the Granite Ridge Defendants that the Plaintiff was going to pursue a declaratory judgment action, that there were going to be coverage issues, and that one

---

[8] In arguing that the Granite Ridge Defendants had more than bare notice, the Plaintiff also points to the Granite Ridge Defendants' consultation in March of 2006 with an attorney at Baker & Daniels, LLP, who informed them that there could be some coverage issues. The fact that the Granite Ridge Defendants consulted with an attorney for advise on the underlying copyright infringement lawsuit and insurance coverage does not demonstrate that the Plaintiff provided the requisite notice of its reservation of rights.

representative "didn't think that [the copyright infringement claim] was covered by insurance." (App. Tab 57, Practico Dep. 14.) Another SourceOne represented indicated that coverage under the Plaintiff's policy was "questionable." (App. Tab 50, DenHouter Dep. 48.)

Fifth, it draws attention to a detailed, ten-page letter dated June 13, 2006, from Frankenmuth Financial Group to the Granite Ridge Defendants. In this reservation of rights letter, Frankenmuth Financial Group discussed in detail (and quoted the relevant language of) the Granite Ridge Defendants' business protector liability policy with Frankenmuth Financial Group, policy exclusions and restrictive language, allegations in the copyright infringement lawsuit, its opinion that the policy did not cover the actions alleged in the copyright infringement complaint, and its decision to investigate and defend in the matter under a reservation of rights.

Contrary to the Plaintiff's argument, the totality of these circumstances does not show that these communications achieved the express purposes of a reservation of rights. The Plaintiff as the insurer bears the burden of proving that it appropriately preserved its defense, and the Plaintiff has failed to show a triable issue of material fact on this issue. *See Olivares*, 894 N.E.2d at 593. Lacking from these circumstances and communications is the detailed information Plaintiff Harleysville needed to provide the Granite Ridge Defendants so that they could know of the conflict of interest and make an informed decision. By failing (even under the totality of the circumstances identified above) to provide the Granite Ridge Defendants with the critical information relative to the policy, the relevant provision, the claimed defenses, and its express reservation of rights, the Plaintiff assumed the defense of the Granite Ridge Defendants without obtaining an effective reservation of rights agreement, and it waited approximately eight and a half months (or about 261 days) after receiving notice of the copyright infringement lawsuit to

institute this declaratory judgment action to determine its obligations under the policy. Even though the Plaintiff in communication with the Granite Ridge Defendants used the terms initial reservation of rights and full reservation of rights, the Plaintiff used these terms in contexts suggesting that no final coverage decision had been made, that its initial assessment was provisional and tentative, and that the Plaintiff would follow up with more information and a coverage decision, which it never did. Thus, the Plaintiff provided the Granite Ridge Defendants with few details and very limited information, well short of what was necessary for the Plaintiff to effectively reserve its rights and to permit the Granite Ridge Defendants to make an informed decision.

Considering the applicable standards and based upon the undisputed facts before the Court and the Plaintiff's failure to show a triable issue of material fact, the Court finds that Plaintiff Harleysville assumed the defense of the Granite Ridge Defendants without obtaining an effective reservation of rights agreement.

**D.     Prejudice, Control of the Litigation, and Rebuttal of the Presumption of Prejudice**

Plaintiff Harleysville objects to Judge Cosbey's conclusion that it controlled the litigation for an extended period of time after becoming aware of a coverage defense and that prejudice is presumed as a matter of law. It argues that a genuine issue of material fact exists as to whether the Plaintiff controlled the underlying litigation and whether the Granite Ridge Defendants were deprived of the opportunity to reject the Plaintiff's tender of defense in the underlying suit. The Plaintiff also suggests that the Report and Recommendation found prejudice based upon the mere passage of time and that courts should instead look to what is happening in the suit to

21

determine to what point the suit had progressed.

It is clear from the Report and Recommendation that Judge Cosbey did review what had happened in the underlying copyright lawsuit in reaching his conclusion about prejudice. In discussing the Plaintiff's awareness of the possible coverage defenses and its bungling of the reservation of its rights, Judge Cosbey recounted the facts related to the March 31 and April 18 draft letters prepared by Larry Berklich that were never provided to the Granite Ridge Defendants. He discussed the fact that, by June 2006, Larry Berklich had split the file with another adjuster because of a concern he had about handling both the defense issue and the coverage issue, although Larry Berklich had managed both of these issues himself for over two months. Judge Cosbey explained that Larry Berklich discussed defense strategy with Attorney Dick Young at Kightlinger & Gray on May 1. He noted that, on May 4, the Plaintiff retained Attorney Clancy of Kightlinger & Gray to represent the Granite Ridge Defendants in the underlying copyright infringement lawsuit,[9] and that after this time there was no mention of a reservation of rights or a conflict of interest.[10] He also observed that, between May 4 and the filing of this declaratory judgment action on December 13, Attorney Clancy defended the Granite Ridge Defendants, responded to the pleadings, performed discovery, and formulated legal strategy,[11] and she was required to follow the Plaintiff's billing and litigation guidelines,

---

[9] On May 4, Attorney Clancy filed her appearance on behalf of the Granite Ridge Defendants, and on May 17, Attorney Kabish filed his Motion to Withdraw as counsel for the Granite Ridge Defendants, which was granted on May 18.

[10] It appears that, in late November, Attorney Clancy, counsel for Design Basics, and Attorney Vincent Heiny of Haller & Colvin had some communication regarding the fact that none of them had received or seen a reservation of rights letter from the Plaintiff.

[11] Attorney Clancy has stated that, in preparing the answer to the complaint in the copyright infringement lawsuit, she consulted with representatives of the Granite Ridge Defendants, and that around mid-June she provided them with a copy of the answer, affirmative defenses, and jury demand.

which required the Plaintiff's pre-approval of certain aspects of the defense (such as discovery, retention of experts, and research) and gave the Plaintiff control over settlement. He noted that Attorney Clancy's billing statements and periodic status reports were provided to the Plaintiff, but not to the Granite Ridge Defendants,[12] and that neither the Granite Ridge Defendants nor Attorney Vincent Heiny at Haller & Colvin, whom the Granite Ridge Defendants had hired to represent their interests in an unrelated matter, were included in telephone conferences with Larry Berklich or other representatives of the Plaintiff. Judge Cosbey also explained that Attorney Heiny had never seen or been provided with the complaint in the underlying copyright infringement lawsuit until December 2006, after the Plaintiff instituted this action. Based upon this set of facts, Judge Cosbey concluded that "a reasonable factfinder could only conclude that . . . Harleysville assumed the complete defense of Granite Ridge and controlled the litigation during the relevant period." (Report and Recommendation 23–24.)

Judge Cosbey then considered whether an extended period of time had passed and found that the Plaintiff had controlled the defense for at least six months but more likely nine months. Relying on a range of federal and state precedents, including *Tom Raper, Inc. v. Safari Motor Coaches, Inc.*, No. IP99-1188-C-B/S, 2001 WL 13299, at *8–10 (Jan. 4, 2001), he determined that this period (whether six or nine months) was an extended period of time. For these reasons, Judge Cosbey concluded that the elements to establish estoppel were evident:

> Harleysville failed to effectively reserve its rights and explain its conflict of interest with Granite Ridge so that Granite Ridge could make an intelligent choice between retaining its own counsel or accepting Harleysville's defense counsel. Harleysville then assumed a complete defense of the Design Basics suit for

---

[12] Attorney Clancy has stated that "[f]rom time to time, I would share some of the content of my communications and evaluations with Mr. Berklich and Mr. Valen with employees of Granite Ridge." (App. Tab 41, Clancy Aff. ¶ 12.)

> Granite Ridge and controlled the litigation for an extended peiod of time after becoming aware of a coverage defense. Consequently, applying Indiana law, Granite Ridge was prejudiced as a matter of law by the denial of its right to control its own defense, and thus Harleysville is estopped from asserting any coverage defenses against Granite Ridge.

(Report and Recommendation 25.)

The Plaintiff tries to distance itself from Attorney Clancy's representation, suggesting that she "exercised her own judgment from the time of her retention in May 2006 until December 13, 2006 (when the declaratory judgment action was filed) to control the litigation of the case" and that her "communications with Granite Ridge were sufficient to keep it informed of the conduct of the litigation and to allow Granite Ridge to be involved in its own defense." (Pl.'s Objection 13.) These, however, are not reasonable inferences warranted by the evidence. Before the Court are undisputed facts that demonstrate its control of the litigation. Attorney Clancy and Kightlinger & Gray (from the Plaintiff's approved list of defense counsel) were hired to represent the Granite Ridge Defendants in the action. Attorney Clancy represented the Granite Ridge Defendants from May 4 to December 13, and she was required to follow the Plaintiff's billing and litigations guidelines in her representation of the Granite Ridge Defendants. Between May 4 and December 13, Attorney Clancy's written and telephone communications were primarily directed to and involved the Plaintiff, but "some of the content of [her] communications and evaluations with Mr. Berklich and Mr. Valen [of Plaintiff Harleysville]" was "share[d]" "with employees of Granite Ridge." (App. Tab 41, Aff. Clancy ¶ 12.) During this period when Attorney Clancy represented the Granite Ridge Defendants, the responsive pleading was filed, discovery began and proceeded, important deadlines governing discovery, joining parties, and amending pleadings were set, Attorney Clancy filed a motion for protective order,

and an agreed protective order was entered.

Under Indiana law, "'a party may be prejudiced as a matter of law when it is deprived of its right to control litigation.'" *Olivares*, 894 N.E.2d at 594 (quoting *Manta*, 714 N.E.2d at 1282). Furthermore, the Indiana Court of Appeals has instructed:

> "[A]n insured suffers prejudice as a matter of law where an insurer, without reserving its rights and giving the insured an opportunity to determine whether to accept the tender of defense, assumes a complete defense of the underlying suit against the insured and controls the litigation for an extended period of time after becoming aware of a coverage defense."

*Olivares*, 894 N.E.2d at 594 (quoting *Manta*, 714 N.E.2d at 1282). In this case, the Court finds from the undisputed facts that Plaintiff Harleysville assumed a complete defense in the underlying copyright infringement lawsuit and controlled the litigation for an extended period of time (eight and a half months or approximately 261 days) after becoming aware of a coverage defense, but without reserving its rights and without giving the Granite Ridge Defendants an opportunity to determine whether to accept the tender of defense. As a consequence, the Granite Ridge Defendants were prejudiced as a matter of law.

The Plaintiff argues that any presumption of prejudice can be rebutted with relevant evidence. In an effort to "rebut" the prejudice, the Plaintiff points to filings by "Granite Ridge" in the underlying lawsuit, but these were filings made by Attorney Clancy on behalf of the Granite Ridge Defendants. It also points to the extension of deadlines to amend pleadings and complete discovery, and Design Basics's filing of a first amended complaint on April 30, 2007. However, the prejudice to the Granite Ridge Defendants had already arisen before these extensions were granted and before the first amended complaint was filed. Also, that representatives of the Granite Ridge Defendants have not expressed dissatisfaction with Attorney

Clancy's representation does not remove the prejudice that arose from the Plaintiff's assumption of the defense and control of the litigation prior to its initiation of this declaratory judgment action. Finally, that Attorney Clancy remains the attorney of record for the Granite Ridge Defendants in the underlying lawsuit, which has been stayed since June 20, 2008, does not remove the prejudice. Thus, the prejudice in this case stems from the Plaintiff's assumption of the defense and control of the underlying copyright infringement litigation for an extended period of time without reserving its rights and without giving the Granite Ridge Defendants an opportunity to determine whether to accept the tender of defense. During that period, critical steps were taken in the underlying litigation (including the filing of the responsive pleading, the conducting of discovery, the setting of important deadlines, the filing of a motion for protective order, and the entering of an agreed protective order). These facts show the prejudice that the Granite Ridge Defendants have suffered.

## CONCLUSION

Having thoroughly reviewed the Magistrate Judge's Report and Recommendation and the objections by Plaintiff Harleysville and having determined de novo those parts of the Report and Recommendation as to which Plaintiff Harleysville has objected, the Court finds it agrees with the Magistrate Judge's findings, analysis, and conclusions. The Court will, therefore, overrule the Objection of Plaintiff Harleysville and adopt and accept the Magistrate Judge's Report and Recommendation.

## ORDER

For the foregoing reasons, the Court now OVERRULES Plaintiff Harleysville's Objection to Report and Recommendation [DE 130] and ADOPTS and ACCEPTS the Magistrate Judge's Report and Recommendation [DE 128]. The Court GRANTS the Granite Ridge Defendants' Motion for Partial Summary Judgment [DE 49] and Defendant Design Basics' Motion for Partial Summary Judgment [DE 51]. The Court DENIES as moot Plaintiff Harleysville's Motion to Strike Paragraph 6 of the Affidavit of Anthony Reincke a/k/a Tony Reincke [DE 93].

SO ORDERED on March 31, 2009

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT