UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CAUSE NO.: 1:06-CV-397-TS |
| GRANITE RIDGE BUILDERS, INC., GRANITE RIDGE BUILDERS, INC. BY TONY REINCKE, HG DEVELOPMENT, LLC, GRANITE RIDGE BUILDERS, INC. OF INDIANAPOLIS, GRANITE RIDGE GROUP, INC. BY TONY REINCKE D/B/A GRANITE RIDGE REALTY, TONY REINCKE, INDIVIDUALLY, DESIGN BASICS, INC., and ANTHONY REINCKE, INDIVIDUALLY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Harleysville Lake States Insurance Company (Plaintiff Harleysville) instituted this action seeking a declaratory judgment that its insurance policy excludes coverage of a knowing violation of the rights of another and that it owes no duty to defend, indemnify, or pay any judgment, settlement, or award against or agreed to by Granite Ridge Builders, Inc., and related parties (Granite Ridge Defendants) in a separate copyright infringement lawsuit that Defendant Design Basics, Inc., has instituted against the Granite Ridge Defendants in this Court (No. 1:06-CV-72). The Granite Ridge Defendants and Defendant Design Basics asserted waiver and estoppel as affirmative defenses to the Plaintiff's claim, and the Granite Ridge Defendants counterclaimed against Plaintiff Harleysville, alleging bad faith on the part of Plaintiff Harleysville and seeking a declaratory judgment that Plaintiff Harleysville, among other things, owes the Granite Ridge Defendants a duty to defend and indemnify in the underlying copyright

infringement lawsuit.

On March 31, 2009, this Court issued an Opinion and Order [DE 137] overruling Plaintiff Harleysville's Objection to Report and Recommendation [DE 130], adopting the Magistrate Judge's Report and Recommendation [DE 128], and granting the Defendants' Motions for Partial Summary Judgment [DE 49 & 51], which sought a determination that Plaintiff Harleysville waived any policy defenses by defending the Granite Ridge Defendants in the underlying copyright infringement lawsuit without a reservation of rights and is thus estopped from asserting policy defenses. Plaintiff Harleysville then filed a Motion to Alter or Amend Judgment [DE 139] requesting that the Court alter or amend its March 31, 2009, Opinion and Order to limit its holding to the policy defenses raised by Plaintiff Harleysville in its Complaint for Declaratory Judgment [DE 1], filed on December 13, 2006, and in its First Amended Complaint for Declaratory Judgment [DE 15], filed on February 28, 2007. On April 24, 2009, the Defendants filed Responses [DE 140 & 141] to the Plaintiff's Motion to Alter or Amend Judgment. On May 5, the Plaintiff filed a Reply [DE 143].

In its Motion, Plaintiff Harleysville argues that the Court should alter or amend its March 31, 2009, Opinion and Order because of a manifest error of law or fact. Specifically, the Plaintiff asserts that there was a manifest error of law in that the Defendants sought *partial* summary judgment but received *total* summary judgment; that the Court applied the standard articulated in *Nationwide Mutual Insurance Co. v. Filos*, 673 N.E.2d 1099, 1104 (Ill. Ct. App. 1996),[1] to the policy defenses first raised by the Plaintiff in its Second Amended Complaint; and that there was

---

[1] The standard articulated in the *Filos* opinion that Plaintiff Harleysville references is that "[t]he second exception to the general rule [that estoppel cannot create coverage where none exists] . . . applies where an insurer defends an action on behalf of an insured, *with knowledge of facts that would provide a defense to coverage*, but without a reservation of rights." *Id.* at 1104 (emphasis added).

a manifest error of fact in that the record contains no evidence that the Plaintiff knew of the policy defenses first raised in its Second Amended Complaint, assumed the defense with knowledge of those policy defenses, and did so without a reservation of rights. The Defendants respond with a number of arguments, including most importantly that Plaintiff Harleysville knew or should have known of the potential policy defenses that it now claims it could not have known about until after discovery in the underlying copyright infringement lawsuit reached a certain point; that the Plaintiff makes misstatements regarding the exclusions addressed in the summary judgment submissions; and that the Plaintiff should have raised this argument before now but failed to do so. In its Reply, the Plaintiff focuses on the alleged manifest error of law, reiterates the estoppel standard articulated by the Illinois Court of Appeals, and argues that it cannot be estopped from asserting policy defenses it could not have discovered until June 15, 2007, and thus after it filed this declaratory judgment action on December 13, 2006. Accordingly, the Plaintiff requests that the Court amend its March 31, 2009, Opinion and Order so that the Plaintiff is not estopped from asserting all policy defenses, but only those implicated by facts known as of the filing of this declaratory judgment action. The Plaintiff also asks the Court to clarify whether its March 31, 2009, Opinion and Order granting the Motions for Partial Summary Judgment is a "final" order pursuant to Federal Rule of Civil Procedure 54(b).

The Court has reviewed the Record in this case and the parties submissions, but is ultimately unpersuaded by the Plaintiff's argument. Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006); *see also Obriecht v. Raemisch,* 517 F.3d 489,

494 (7th Cir. 2008). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (quotation marks and citation omitted). The Seventh Circuit has emphasized that summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005)(quotation marks and citation omitted). In the litigation process, when certain moments have passed, district courts are "not required to give [parties] a 'do over.'" *Winters v. Fru-Con Inc.,* 498 F.3d 734, 743 (7th Cir. 2007). The decision whether to grant a Rule 59(e) motion to alter or amend "is entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

To the extent that the Plaintiff claims that the Court granted the Defendants *total* summary judgment and not *partial* summary judgment, the pleadings, the Motions for Partial Summary Judgment (and the related materials), the Magistrate Judge's Report and Recommendation, and the Court's March 31, 2009, Opinion and Order show otherwise. The record is clear that the Defendants' summary judgment motions were not directed to the whole action, that additional affirmative defenses and the claims of the Granite Ridge Defendants against the Plaintiff remain pending, and that not all the claims or the rights and liabilities of all the parties have been adjudicated. Additionally, the Court in its March 31, 2009, Opinion and Order granted the Motions for Partial Summary Judgment, but it did not order entry of a final judgment.

4

To the extent that the Plaintiff is arguing that the Court erred in its understanding and its application of the relevant legal standards, the Plaintiff has pointed to an Illinois Court of Appeals opinion addressing knowledge of coverage defenses and estoppel, but, as the Court noted in its March 31, 2009, Opinion and Order, "the parties assume that Indiana law applies," (Mar. 31, 2009, Opinion and Order at 4), and the Court (and the Magistrate Judge in his carefully-reasoned Report and Recommendation) considered and applied the relevant Indiana standards. Even in its Objection to Magistrate Judge's Report and Recommendation, the Plaintiff does not argue that Indiana's standards should not apply and lodges no real objection to the Magistrate Judge's articulation of the standard. The Objection does argue that the Magistrate Judge misapplied Indiana law, but that argument does not dispute the Magistrate Judge's recital of the governing standards.

Additionally, in its March 31, 2009, Opinion and Order, the Court, citing the relevant Indiana law, set forth the three factors for consideration in determining whether the estoppel exception applies, including "whether the insurer had sufficient knowledge of facts that would permit it to deny coverage," "whether the insurer assumed the defense of the insured without obtaining an effective reservation of rights agreement," and "whether the insured suffered some type of harm or prejudice." (Mar. 31, 2009, Opinion and Order at 5.) Based upon the materials before the Court for its consideration of the Objection to the Magistrate Judge's Report and Recommendation and the Defendants' summary judgment motions, the Court noted:

> There seems to be little dispute regarding the Plaintiff's knowledge of facts related to the copyright infringement action that would permit it to claim a coverage defense. The copyright infringement suit was instituted on March 10, 2006. On March 27, Granite Ridge's insurance agent, SourceOne Group, LLC (SourceOne), submitted a notice of the claim to the Plaintiff. Larry Berklich claims that he sent a reservation of rights letter on March 31. Thus, the second

and third factors are the critical factors for purposes of the Defendants' Motions for [Partial] Summary Judgment.

(Mar. 31, 2009, Opinion and Order at 5 n.3.) Before the Magistrate Judge issued his Report and Recommendation and before this Court issued its March 31, 2009, Opinion and Order, the Plaintiff was afforded a full opportunity to address its knowledge of potential coverage defenses. In addition to the opportunity it was afforded to file its Response to the Motions for Partial Summary Judgment, the Court, acting on the Plaintiff's Motion for Leave to File Surresponse, afforded the Plaintiff an opportunity to file a Surresponse in Opposition to Defendants' Motions for Partial Summary Judgment [DE 118], which it did on September 26, 2008. The Plaintiff in opposing the Defendants' Motions for Partial Summary Judgment apparently decided to focus on arguments that it effectively reserved its rights; that the Granite Ridge Defendants received the March 31, 2006, letter or had actual notice or knowledge of its alleged reservation of rights; that it did not control the defense; and that the Granite Ridge Defendants did not suffer any harm or prejudice. In its Response, Surresponse, and Objection to the Report and Recommendation, the Plaintiff did not identify as a genuine issue of material fact its knowledge of potential coverage defenses, *see* N.D. Ind. L.R. 56.1, and the Plaintiff cannot now ask the Court for a "redo" to develop its theory that it did not have knowledge of some of its claimed coverage defenses.

To the extent that the Plaintiff's Motion can be construed to advance a new argument making a fact issue of its knowledge of additional possible defenses before June 15, 2007, the Plaintiff could have and should have presented this argument earlier. It is important to note that the Plaintiff filed its Second Amended Complaint on August 23, 2007, which of course comes after the June 15, 2007, date referenced by the Plaintiff. The additional policy exclusions/endorsements it highlights in its Motion to Alter or Amend Judgment were referenced

6

in the Second Amended Complaint. The Granite Ridge Defendants filed their Motion for Partial Summary Judgment and supporting brief on October 15, 2007, and Defendant Design Basics on October 19, 2007. Thus, when the Defendants filed their Motions, the Plaintiff's Second Amended Complaint was the Plaintiff's pleading pending before the Court, and it superseded the original Complaint and the First Amended Complaint. *See Wellness Community-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (stating that "it is well established that the amended pleading supersedes the original pleading"); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (noting that "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). The Plaintiff then by Motion [DE 53] sought additional time to respond to the Defendants' Motions and to conduct additional discovery, and the Court issued an Opinion and Order [DE 58] granting the Plaintiff's requests. The Court also referred this matter to Magistrate Judge Cosbey for a Report and Recommendation on the Motions for Partial Summary Judgment, and after his Report and Recommendation was filed, the Plaintiff filed an Objection. Thus, it is readily apparent that the Plaintiff was afforded every opportunity to present this "new" argument earlier when the argument should have been made, but it failed to do so.

For these reasons, the Court finds that there has been no manifest error of law or fact that warrants altering or amending its March 31, 2009, Opinion and Order, and the Plaintiff's Motion to Alter or Amend Judgment will be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Alter or Amend Judgment [DE 139]

is DENIED.

SO ORDERED on December 14, 2009

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT