UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:06-CV-397-TS |
| GRANITE RIDGE BUILDERS, INC., GRANITE RIDGE BUILDERS, INC. BY TONY REINCKE, HG DEVELOPMENT, LLC, GRANITE RIDGE BUILDERS, INC. OF INDIANAPOLIS, GRANITE RIDGE GROUP, INC. BY TONY REINCKE D/B/A GRANITE RIDGE REALTY, TONY REINCKE, INDIVIDUALLY, DESIGN BASICS, INC., and ANTHONY REINCKE, INDIVIDUALLY, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Sever or, in the Alternative, Motion for Final Summary Judgment [DE 148], filed on February 17, 2010, by Defendant Design Basics, Inc. On March 1, Plaintiff Harleysville Lake States Insurance Company (Plaintiff Harleysville) filed a Response in Opposition [DE 157]. On March 8, Defendant Design Basics filed a Reply [DE 160]. Defendant Granite Ridge Builders, Inc., and related parties (Granite Ridge Defendants) did not respond to the Motion.

**RELEVANT BACKGROUND**

Plaintiff Harleysville instituted this action seeking a declaratory judgment that its insurance policy excludes coverage of a knowing violation of the rights of another and that it owes no duty to defend, indemnify, or pay any judgment, settlement, or award against or agreed

to by the Granite Ridge Defendants in a separate copyright infringement lawsuit that Design Basics, Inc., has instituted against the Granite Ridge Defendants in this Court (No. 1:06-CV-72). In this case, the Granite Ridge Defendants and Defendant Design Basics asserted waiver and estoppel as affirmative defenses to the Plaintiff's claim, and the Granite Ridge Defendants counterclaimed against Plaintiff Harleysville, seeking a declaratory judgment that Plaintiff Harleysville owes the Granite Ridge Defendants coverage and a duty to defend and indemnify in the underlying copyright infringement lawsuit and alleging bad faith by Plaintiff Harleysville.

On March 31, 2009, this Court issued an Opinion and Order [DE 137], overruling Plaintiff Harleysville's Objection to Report and Recommendation [DE 130], adopting the Magistrate Judge's Report and Recommendation [DE 128], and granting the Defendants' Motions for Partial Summary Judgment [DE 49 & 51], which had sought a determination that Plaintiff Harleysville waived any policy coverage defenses by defending the Granite Ridge Defendants in the underlying copyright infringement lawsuit without a reservation of rights and is thus estopped from asserting policy coverage defenses. On December 14, 2009, the Court issued an Opinion and Order [DE 147], denying Plaintiff Harleysville's Motion to Alter or Amend Judgment [DE 139]. In its Motion, the Plaintiff asked the Court to alter or amend its March 31, 2009, Opinion and Order to limit its holding to the policy defenses the Plaintiff raised in its Complaint for Declaratory Judgment [DE 1], filed on December 13, 2006, and in its First Amended Complaint for Declaratory Judgment [DE 15], filed on February 28, 2007.

**DISCUSSION**

In its Motion, Defendant Design Basics asks the Court to sever its determinations on the waiver and estoppel defenses from the remaining claims and to enter a final, appealable judgment on those determinations. In the alternative, it asks the Court to enter a final judgment on the waiver and estoppel defenses. Its basic argument is that the bad faith counterclaim of the Granite Ridge Defendants is distinct from the waiver and estoppel defenses that have been determined and that severance of the Court's determination of these defenses and entry of final judgment on these defenses will benefit all of the parties to the lawsuit and promote judicial economy. One of the principal aims of Defendant Design Basics is to obtain a final resolution (i.e., entry of final judgment and appellate review) as to the two affirmative defenses so that its separate copyright infringement lawsuit against the Granite Ridge Defendants can go forward. Defendant Design Basics urges that this "case is at a logjam and, as a result, the underlying infringement suit out of which the instant case arises is as well." (Design Basics's Reply 4, DE 160.) Plaintiff Harleysville argues that the Motion should be denied because claims, defenses, and issues remain in this case that involve the same facts and circumstances as the waiver and estoppel defenses and that severance and entry of final judgment on these two defenses would result in inefficiencies and could result in the Court of Appeals being obliged to consider the same issue twice. The parties do not address the extent to which the two affirmative defenses—which were the focus of the Defendants' summary judgment motions, the Magistrate Judge's Report and Recommendation, and the March 31, 2009, Opinion and Order adopting the Report and Recommendation and granting the summary judgment motions—constitute a "claim" for purposes of Federal Rules of Civil Procedure 21 and 54(b).

### A. Motion to Sever

Rule 21 authorizes a court to "sever any claim against a party," and the determination whether to sever is within the trial judge's broad discretion. *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000). A "district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Ind., Inc.,* 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice,* 209 F.3d at 1016). "The practical effect of severance of previously-joined claims is the creation of two or more separate actions." *Hohlbein v. Heritage Mut. Ins. Co.,* 106 F.R.D. 73, 78 (E.D. Wis. 1985). "Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Gaffney,* 451 F.3d at 442 (internal quotation marks and citation omitted). The Rule 21 provision regarding severance of claims must also be read in the context of Rule 18, which establishes a policy favoring joinder of claims as long as the requirements for joinder of parties have been satisfied under Rule 20.

The Court is unpersuaded by Defendant Design Basics's argument for severance. The claims and defenses in this case arise out of the same transaction or occurrence and present some common questions of law and fact. This case concerns the contractual relationship between Plaintiff Harleysville (the insurer) and the Granite Ridge Defendants (the insured), the contractual duties, the coverage defenses of waiver and estoppel, and Plaintiff Harleysville's alleged bad faith. In this action, Plaintiff Harleysville sought a declaratory judgment that the insurance policy it issued to the Granite Ridge Defendants does not cover the defense of the underlying copyright infringement lawsuit and that it has no duty to defend in that action. As

affirmative defenses, Defendant Design Basics alleged that the Granite Ridge Defendants received no notice from Plaintiff Harleysville of any specific coverage defenses before it filed its Complaint in this case and that Plaintiff Harleysville has waived and should be estopped from raising any coverage defenses. As affirmative defenses, the Granite Ridge Defendants alleged that Plaintiff Harleysville failed to state a claim for relief and that waiver and estoppel bar Plaintiff Harleysville from obtaining the relief it seeks. The Granite Ridge Defendants also asserted a counterclaim for a declaratory judgment that Plaintiff Harleysville has waived coverage defenses and is estopped from denying coverage and that Plaintiff Harleysville has a duty to defend and a duty to indemnify or pay any judgment, settlement, or award against them and in favor of Design Basics.[1] The Granite Ridge Defendants also asserted a counterclaim against Plaintiff Harleysville for bad faith, and this bad faith claim is premised upon Plaintiff Harleysville's alleged failure to perform its contractual duties to defend and indemnify. As the Court noted in its December 14, 2009, Opinion and Order, denying Plaintiff Harleysville's Motion to Alter or Amend Judgment, "[t]he record is clear that the Defendants' summary judgment motions were not directed to the whole action, that additional affirmative defenses and the claims of the Granite Ridge Defendants against the Plaintiff remain pending, and that not all the claims or the rights and liabilities of all the parties have been adjudicated." (Dec. 14, 2009, Opinion & Order 4, DE 147.)

The Court understands Defendant Design Basics's argument that some benefit would come to all of the parties by having a final, appealable ruling on the waiver and estoppel issues,

---

[1] In its Reply, Defendant Design Basics argues that this count of the Granite Ridge Defendants' counterclaim is entirely about waiver and estoppel. Although aspects of this claim do involve waiver and estoppel, it is not clear that every aspect of this claim by the Granite Ridge Defendants has been addressed, and the Granite Ridge Defendants did not respond to this argument made in Defendant Design Basics's Reply.

5

but it is not clear that settlement of the claims or judicial economy would be facilitated by granting a severance here, as Defendant Design Basics argues. A grant of Defendant Design Basics's severance request would result in a third proceeding involving the parties. The first is the copyright infringement lawsuit initiated by Design Basics, and the second is this proceeding, instituted by Plaintiff Harleysville to determine its duty to defend and indemnify pursuant to the insurance policy it issued. Defendant Design Basics is correct that on June 20, 2008, in the copyright infringement case, the Court granted the Joint Stipulation for Stay, which was filed by the parties on June 16. The Court's Order states that the "case will remain stayed until the parties move to lift the stay, the Court orders the stay lifted following oral motion during a requested Joint Status Conference, or the case entitled *Harleysville Lake States Insurance Company v. Granite Ridge Builders, Inc. et al.*, currently pending . . . is resolved." (June 20, 2008, Order, DE 75, Cause No. 1:06-CV-72.) The circumstances that warranted the entry of the stay may or may not have changed since that time, but, in any event, the parties have available to them the means to seek to have the stay lifted if circumstances have changed. Additionally, granting a severance and entering a final, appealable judgment may result in additional delays in the underlying copyright infringement lawsuit, and the records in this case and the copyright infringement lawsuit indicate that a Settlement Conference before Magistrate Judge Cosbey is scheduled for April 14, 2010. Furthermore, resolution of the Granite Ridge Defendant's bad faith claim (and any other remaining issues based upon the parties' pleadings) will require the same witnesses and documentary proof as were required for the Court's determination of the waiver and estoppel issues.

      For these reasons, the Court will deny Defendant Design Basics's Motion to Sever.

**B.     Alternative Motion for Final Summary Judgment**

In "an action present[ing] more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved," Rule 54(b) authorizes a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determined that there is no just reason for delay." "When one or more of the claims in a litigation remain pending in the district court, any 'judgment' is nonfinal unless the district court enters a Rule 54(b) judgment." *Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 333 (7th Cir. 1995). Under Rule 54(b), the district court "is required to make a discretionary judgment, balancing the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided in a single appeal at a later time." *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999).

Although the Court's March 31, 2009, Opinion and Order adopting the Magistrate Judge's Report and Recommendation and granting the Defendants' summary judgment motions disposed of the affirmative defenses of waiver and estoppel as to the coverage defenses, the Defendants' summary judgment motions were not directed to the whole action and issues remain pending, including the claims of the Granite Ridge Defendants against the Plaintiff. Accordingly, claims, rights, and liabilities of the parties remain pending for adjudication, and these claims, rights, and liabilities involve the same parties and many of the same facts as addressed in the Court's March 31, 2009, Opinion and Order and the Magistrate Judge's Report and Recommendation. Accordingly, there is no reason to invite duplicate or piecemeal appeals in which the Court of Appeals would be presented with much of the same factual record. *See*

*Continental Cas. Co.*, 189 F.3d at 518 ("But even though the district court would have had the power to enter a Rule 54(b) order . . . , power is not duty. . . . The entry of [a Rule 54(b)] order permits piecemeal appeal, which is disfavored in the federal system."). Because the claims that remain pending are not separate and independent from the affirmative defenses addressed in the Court's earlier ruling on the Defendants' summary judgment motions, the Court will deny Defendant Design Basics's Alternative Motion for Final Summary Judgment.

## CONCLUSION

For the foregoing reasons, Defendant Design Basics's Motion to Sever or, in the Alternative, Motion for Final Summary Judgment [DE 148] is DENIED.

SO ORDERED on March 18, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT